IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA C. HOWELL, | : |
| Plaintiff | : |
| | : Civil Action No. |
| vs. | : |
| | : JURY TRIAL DEMANDED |
| RAYMOURS FURNITURE COMPANY, INC., individually and t/d/b/a RAYMOUR & FLANIGAN, | : |
| Defendant | : (Electronically Filed) |

## COMPLAINT

Plaintiff, Rebecca C. Howell, by and through her attorney, Bruce J. Phillips, Esquire, files this, her Complaint, against Defendant, Raymours Furniture Company, Inc., individually and t/d/b/a Raymour & Flanigan, and in support thereof avers as follows:

### PARTIES

1. That, Plaintiff, Rebecca C. Howell, is an adult individual and resides at 350 South Grant Street, Wilkes-Barre, Luzerne County, Pennsylvania 18702.

2. That, Defendant, Raymours Furniture Company, Inc., is a duly incorporated New York corporation trading and doing business as Raymour & Flanigan at 85 Viewmont Mall, Scranton, Lackawanna County, Pennsylvania 18508.

### JURISDICTION

3. That, this action is brought pursuant to Title VII of the United States Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et. seq.

4. That, the amount in controversy in this action exceeds, exclusive of interest and costs, the sum of $75,000.00.

## FACTS

5. That, Plaintiff was born on June 2, 1962.

6. That, Plaintiff had been continuously employed by Defendant in the capacity of Visual Coordinator from the time of September, 1998, up to and including the time of her termination on January 17, 2011, or a period exceeding twelve (12) years.

7. That, during the course of her employment, Plaintiff's job performance had been exemplary.

8. That, on or about November, 2010, Defendant employed Lee Soto as the Branch Manager of the store where Plaintiff was employed.

9. That, on December 29, 2010, Soto directed an email to the attention of Plaintiff criticizing her job performance, alleging a lack of preparation and organization. A copy of the email is attached hereto, made a part hereof, and labeled Exhibit "A".

10. That, the allegations set forth in the email directed by Soto to Plaintiff were without specific complaints and untrue by reason that Plaintiff had been performing her job in an exemplary manner as she had throughout her entire period of employment.

11. That, on January 17, 2011, Soto advised Plaintiff that she was terminated from her position of employment with Defendant.

12. That, at the time of Plaintiff's termination, no agent, servant, and/or employee of Defendant advised Plaintiff of the specific reason for her termination.

13. That, subsequent to the time of Plaintiff's termination, Plaintiff was replaced by an acquaintance of Soto, who was substantially younger in age than Plaintiff.

14. That, Plaintiff's qualifications and experience far exceeded those of the individual who replaced Plaintiff.

15. That, Plaintiff had performed her job for a period exceeding twelve (12) years without complaint, discipline, or any other adverse actions taken by Defendant.

16. That, Plaintiff is in a protected class, being forty-eight (48) years of age at the time of her termination.

## COUNT I

### REBECCA C. HOWELL
v.
### RAYMOURS FURNITURE COMPANY, INC.,
individually and t/d/b/a
### RAYMOUR & FLANIGAN

### CLAIMS
### PURSUANT TO
### TITLE VII

17. That, Plaintiff incorporates herein by reference Paragraphs 1 through 16 hereof as if the same were set forth fully at length herein.

18. That, the complaints regarding the job performance of Plaintiff by Defendant's agent, servant, and/or employee, Soto, were ambiguous, vague, and pretextual in nature and were made with the specific design and purpose of terminating Plaintiff from her position of employment and replacing her with a younger individual.

19. That, the actions of Defendant in terminating Plaintiff from her position of employment were motivated solely by reason of Plaintiff's age.

20. That, the actions of Defendant in terminating Plaintiff from her position of employment were discriminatory in violation of Plaintiff's rights pursuant to Title VII.

21. That, as a direct result of the actions of Defendant in terminating Plaintiff from her position of employment, Plaintiff sustained a loss of income from the time of January 17, 2011, up to and including the time of the present and indefinitely into the future, for which claim is herein made.

22. That, as a direct result of the actions of Defendant in terminating Plaintiff from her position of employment, Plaintiff suffered severe emotional distress, for which claim is herein made.

23. That, as a direct result of the actions of Defendant in terminating Plaintiff from her position of employment, Plaintiff suffered embarrassment and humiliation, for which claim is herein made.

24. That, the conduct of Defendant was undertaken knowingly, willfully, and deliberately and was of a profoundly outrageous nature with reckless and wanton disregard for Plaintiff's statutory rights pursuant to Title VII, entitling Plaintiff to an award of punitive damages in order to punish Defendant sufficiently and to deter others in the future from undertaking such conduct.

**WHEREFORE**, Plaintiff, Rebecca C. Howell, prays this Honorable Court to enter judgment in favor of Plaintiff and against Defendant, Raymours Furniture Company, Inc., individually and t/d/b/a Raymour & Flanigan, as follows:

a. For compensatory damages, in an amount to be determined, which amount represents the following:

   (1) Loss of income from the time of January 17, 2011, up to and including the time of the present and indefinitely into the future;

   (2) Amounts due and owing for accrued holiday time, personal days, vacation days, and sick days, which would have been earned by Plaintiff during the course of her employment;

   (3) Damages for emotional distress, embarrassment, and humiliation;

b. For punitive damages;

c. For interest, costs, and reasonable attorney's fees; and

d. For such other relief as the Court deems appropriate and just.

## COUNT II

### REBECCA C. HOWELL
v.
### RAYMOURS FURNITURE COMPANY, INC.,
individually and t/d/b/a
### RAYMOUR & FLANIGAN

### CLAIMS
PURSUANT TO
PENNSYLVANIA HUMAN RELATIONS ACT
43 Pa. C.S.A. §955, et seq.

25. That, Plaintiff incorporates herein by reference Paragraphs 1 through 24 hereof as if the same were set forth fully at length herein.

26. That, in addition to the violations aforesaid, the actions of Defendant in terminating Plaintiff from her position of employment violated Section 5(a) of the Pennsylvania Human Relations Act, 43 Pa. C.S.A. §51-963.

27. That, as a direct result of the actions of Defendant in terminating Plaintiff from her position of employment, Plaintiff sustained a loss of income from the time of January 17, 2011, up to and including the time of the present and indefinitely into the future, for which claim is herein made.

28. That, as a direct result of the actions of Defendant in terminating Plaintiff from her position of employment, Plaintiff suffered severe emotional distress, for which claim is herein made.

29. That, as a direct result of the actions of Defendant in terminating Plaintiff from her position of employment, Plaintiff suffered embarrassment and humiliation, for which claim is herein made.

30. That, the conduct of Defendant was undertaken knowingly, willfully, and deliberately and was of a profoundly outrageous nature with reckless and wanton disregard for Plaintiff's statutory rights pursuant to Title VII, entitling Plaintiff to an award of punitive damages in order to punish Defendant sufficiently and to deter others in the future from undertaking such conduct.

**WHEREFORE**, Plaintiff, Rebecca C. Howell, prays this Honorable Court to enter judgment in favor of Plaintiff and against Defendant, Raymours Furniture Company, Inc., individually and t/d/b/a Raymour & Flanigan, as follows:

a. For compensatory damages, in an amount to be determined, which amount represents the following:

    (1) Loss of income from the time of January 17, 2011, up to and including the time of the present and indefinitely into the future;

    (2) Amounts due and owing for accrued holiday time, personal days, vacation days, and sick days, which would have been earned by Plaintiff during the course of her employment;

    (3) Damages for emotional distress, embarrassment, and humiliation;

b. For punitive damages;

c. For interest, costs, and reasonable attorney's fees; and

d. For such other relief as the Court deems appropriate and just.

Respectfully submitted,
/s/ BRUCE J. PHILLIPS, ESQUIRE
Supreme Court ID PA37115

Caverly, Shea, Phillips & Rodgers, LLC
Suite 210, 15 Public Square
Wilkes-Barre, PA 18701
570-823-0101
570-825-7799 - Fax
FreeScot7@aol.com

Attorney for Plaintiff,
REBECCA C. HOWELL

ECF User